IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDY HUERTA,

    Petitioner,

v.

BRAD CAIN,

    Respondent.

Case No. 2:17-cv-00456-MO

OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Murder, Attempted Aggravated Murder, and Robbery in the Second Degree. Respondent asks the Court to dismiss the Petition for Writ of Habeas Corpus because it is untimely. For the reasons that follow, the Court finds Petitioner failed to timely file this case such that dismissal is appropriate.

## **STANDARDS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year

1 - OPINION AND ORDER

statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

///
///

## DISCUSSION

On August 22, 2011, Petitioner pleaded guilty in Marion County to Murder, Attempted Aggravated Murder, and Robbery in the Second Degree. As a result, the trial court sentenced him to life in prison with a 25-year minimum on the Murder conviction, and 105 consecutive months in prison on the Attempted Aggravated Murder conviction. Respondent's Exhibit 104.

When Petitioner did not take a direct appeal, the AEDPA's one-year statute of limitations began to run on September 21, 2011, 30 days after entry of the trial court's judgment. *See* ORS 138.071 (direct appeals must be filed within 30 days). The statute of limitations ran unabated until Petitioner filed for post-conviction relief ("PCR") on April 23, 2012. Thus, a total of 215 days accrued toward the AEDPA's one-year statute of limitations.

Petitioner's filing of his PCR action tolled the statute of limitations during the pendency of the state collateral action until August 2, 2016, the date on which the PCR appellate judgment issued. Respondent's Exhibit 146. Petitioner then waited until March 17, 2017 to file his Petition for Writ of Habeas Corpus, allowing another 227 days to accrue. Thus, in sum, Petitioner allowed 442 untolled days to accrue before filing this case.

Petitioner nevertheless asserts that his case is timely because he is entitled to the 90-day period in which to file for

3 - OPINION AND ORDER

certiorari after the completion of his PCR proceedings even where he did not seek certiorari in the Supreme Court. As noted above, a habeas petitioner is entitled to the 90-day certiorari period following his direct review. He is not, however, entitled to the same 90-day period following the conclusion of his PCR proceedings. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Accordingly, the Petition fails to comply with the AEDPA's one-year statute of limitations.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus (#1) is dismissed on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 9th day of July, 2018.

_____
Michael W. Mosman
United States District Judge